JOHN VANDEGRIFT and CARL SMITH

*vs.*

DAISY P. BOWARD.

*Negligence: digging below foundations; notice.*

In an action for damages to the plaintiff caused by the defendant by digging down his lot below the foundation of the plaintiff's house and immediately adjacent thereto, "without notice and in an unskillful and unworkmanlike manner," the defendant has a right to introduce in evidence the blue prints of his building plans, showing the depth of the excavation proposed, etc., and all details, which the defendant had testified he had duly exhibited to the husband, who was the business agent of the plaintiff.                              p. 144

*Decided June 23rd, 1916.*

Appeal from the Circuit Court for Allegany County. (HENDERSON, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*D. Lindley Sloan* and *Arch. A. Young* (with whom were *Carl G. Mullin* and *Charles R. Morris* on the brief), for the appellants.

*Albert A. Doub* (with whom was *Walter C. Capper* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The plaintiff below, and the appellee here, was the owner of a lot of ground in the City of Cumberland, upon which stood a two-story brick dwelling house. The west wall of the house stood on the line dividing her lot from the adjacent lot. The adjacent lot was owned by the appellant Carl Smith, and previous to the injury complained of was unimproved. Carl Smith entered into a contract with the other appellant, John Vandegrift, a builder, to erect for him a three-story brick building to be used as flats. As a consequence of excavating the earth from the Smith lot for the purpose of making a cellar and the foundations the house of the appellee was damaged by the settling of the west wall. The appellee brought suit for recovery of the damages sustained and secured a verdict upon which judgment was accordingly entered. The declaration averred that "the said defendants did wrongfully and negligently excavate below the foundation walls of the plaintiff's property without notice and in an unskillful and unworkmanlike manner."

There were but three exceptions taken to the rulings of the Court below, two to questions of evidence and the other to the ruling on the prayers.

In addition to the facts we have already enumerated the testimony for the appellee tended to show that in digging for the foundation the excavating was along and adjacent to the foundation of the appellee's house and deeper by from six to fifteen inches than her foundation. There was also testimony to show that damage to the house was the immediate result of the excavating. Upon the cross-examination of the appellee and her husband evidence was offered tending to show that the husband was the agent of the appellee in all affairs connected with the management of his wife's property. The appellee testified that she had no notice in any way that the appellants intended digging below the line of her foundation. By this it is not meant that the digging was under the appellee's foundation, for the entire excavation was on the Smith property, but that the excavation was

deeper on the Smith lot than the bottom of the appellee's foundation. The husband on cross-examination denied that either Vandegrift or Smith had shown him any plans of the building they intended to erect.

In order to show that proper notice of the new building had been given to the appellee, the appellant Smith testified that shortly before Christmas, 1913, he, accompanied by the other appellant, went to the store of the husband of the appellee and advised him that the building was to be erected, and at the same time produced the plans for his inspection, and that he, Boward, commented upon them to the effect that it was a nice building. The testimony of Vandegrift was to the same effect, except he said the plans were shown to Boward without comment or explanation, and that the leaves of the plans were turned over by Boward. Hereupon it was proposed to offer the plans in evidence, but upon objection by the appellee the Court would not admit them. This action constitutes the second exception, and is, in fact, the only important one in the record.

Before considering this exception it perhaps will be better to state what, from the decisions, has become the settled law of this State in cases of this character, especially with reference to notice being given to an adjacent owner by an owner about to make improvements. And that rule is as stated by JUDGE FOWLER, in delivering the opinion in *Serio* v. *Murphy,* 99 Md. 545: "If a person who is about to excavate his own lot in proximity to the wall of an adjacent house gives reasonable notice thereof to the adjoining owner, the latter is bound to protect his own property and the former is not liable for damages sustained, if the excavation is made with ordinary care." And in *Bonaparte* v. *Wiseman,* 89 Md. 12, JUDGE SCHMUCKER, in delivering the opinion, said: "If one about to excavate his own lot, do it, or cause it to be done, so carefully as not to injure the adjacent houses he need not give notice to their owners; if on the other hand, he gives timely notice to the adjacent owners, the burden will be thrown upon them to protect their property and he

will not be liable for damages sustained by them if he makes the excavation with reasonable and ordinary care." And on page 24 of the same opinion: "The law as laid down by the cases we have cited does not permit the owner of a lot of .ground in a populous city like Baltimore to make an excavation, even through an independent contractor, upon his lot in near proximity to his neighbor's house, and to a depth of some feet below the level of the foundations of that house .and be under no obligations either to see that the contractor in doing the work protects the neighbor's wall by the exercise of due care, or to give the neighbor timely notice of the nature and extent of the intended excavation, that he may take due precautions for the protection of his own wall." See also *Shafer* v. *Wilson,* 44 Md. 268; *Hanrahan* v. *Baltimore City,* 114 Md. 517.

That such is the settled law of the State is not disputed by the appellee, but her contention is that the plans do not tend to show that notice of the "nature and extent" was given. By agreement of counsel the original plans, as alleged to have been submitted to the appellee's agent, are before us now. They consist of five blue prints, representing the cellar and foundation plan; the three floor flats and the front elevation of the building. The cellar· and foundation plan shows the property line between the Smith and the appellee's property, the position of the foundation wall of the proposed building, with reference to the dividing property line and the depth of the cellar in the clear. From the elevation plan is readily obtainable the height of the foundation above ground level, so the depth of foundation is a matter of simple calculation. We can not agree with the contention of the appellee's counsel, when assuming that if the plans had been submitted to the appellee's agent, that they would have meant nothing to him. In our opinion they are so clear and plain that anyone with the ability to read and figure could understand them.

Consider the position in which the appellants were placed by the ruling. They had testified they had informed the

appellee's agent that they intended to build a house, and had shown him the plans for the building, and yet were not allowed to show the plans to the jury for the purpose of trying to prove to them that, although they did not in words say the excavation would be so many feet deep, yet they had in fact said so by exhibiting the plans themselves. The appellee had testified that she had had no notice and the agent had denied that he had seen any plans, and this had become the critical point in the defense, for the record shows no attempt to prove negligence against the appellants, although the declaration charged it. We are of the opinion that the appellants, in their endeavor to convince the jury that they had given timely notice of the nature and extent of their proposed excavation, were entitled to have the jury examine the plans, and therefore hold that the rejection of this evidence constitutes reversible error.

The evidence under the first exception was irregular but can be corrected upon the retrial.

It is not necessary to especially comment upon the prayers for what we have above stated disposes of them.

> *Judgment reversed, with costs, and new trial awarded.*